IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

NOVA MARKETING LLC,

    Plaintiff,

    v.                                                                C.A. No.

GEOVANNA VITÓRIA CHAVES DE
OLIVEIRA,

    Defendant.

## COMPLAINT

Plaintiff Nova Marketing LLC ("Plaintiff," or "Nova"), by and through its undersigned counsel, brings this complaint against Defendant Geovanna Vitória Chaves De Oliveira ("Defendant" or "De Oliveira") and alleges as follows:

## NATURE OF THE ACTION

1.     This is an action for copyright infringement of certain foreign copyright works, pursuant to the United States Copyright Act of 1976, codified at 17 U.S.C. §§ 101 *et seq.*, 106, 501, 502, 504, and 512, and The Berne Convention for the Protection of Literary and Artistic Works ("The Berne Convention"), codified in the United States through the Berne Convention Implementation Act of 1988, seeking damages and injunctive relief.

2.     Nova owns all right, title, and interest to certain foreign copyright works created and published by its content creators outside the United States.  Defendant, one such content creator operating in Brazil using the OnlyFans digital platform, has made baseless assertions of ownership with respect to Nova's foreign copyright works and has engaged in the unauthorized use, reproduction, and distribution of Nova's foreign copyright works in violation of the Content Creation and Copyright Assignment Agreement executed by and between Nova and Defendant,

which is attached hereto as Exhibit A ("the Copyright Agreement").  Nova maintains that

Defendant willfully infringed its intellectual property rights, including the foreign copyright

works, and is liable for copyright infringement under 17 U.S.C. § 501.

## PARTIES

3.      Plaintiff Nova Marketing LLC is a limited liability company organized under the

laws of the State of Delaware having a principal place of business at P.O. Box #571, Nassau, DE

19969.

4.      Upon information and belief, Defendant Geovanna Vitória Chaves De Oliveira is

an individual and resident of Brazil with an address of QE 15 Conjunto N Casa 15, Guará II,

Distrito Federal, Brazil, who is a digital content creator under contract with Nova and who

operates on the OnlyFans digital platform.

## JURISDICTION AND VENUE

5.      Nova is a copyright owner of certain works (hereinafter, "the Works") which were

created by Defendant, who is not a U.S. citizen or U.S. national, and/or were first published

abroad, specifically in Defendant's country of residence Brazil.  Pursuant to The Berne

Convention, of which Brazil is signatory, codified in the United States through the Berne

Convention Implementation Act of 1988, the Works qualify as "foreign works."

6.      Nova has standing to bring this copyright infringement suit in the United States

pursuant to 17 U.S.C. § 411(a), although Nova has not obtained a registration from the U.S.

Copyright Office for the Works.

7.      This Court has subject matter jurisdiction over Nova's claims against Defendant

because the Court has federal question subject matter jurisdiction pursuant to 17 U.S.C. §§ 101 *et*

*seq.*, 106, 501, 502, 504, and 512.  Thus, this Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

8.    This Court has personal jurisdiction over Defendant because Defendant expressly consented to the jurisdiction of the federal court of the State of Delaware for any suit, action, or other proceeding arising out of the Copyright Agreement executed by and between Nova and De Oliveira (see Exhibit A, p. 8).

9.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(c)(3) because Defendant is not resident in the United States and, therefore, may be sued in any judicial district. Further, Defendant expressly consented to venue in this District through execution of the Copyright Agreement with Nova, which explicitly lays venue in the District of Delaware (see Exhibit A, p. 8).

## FACTUAL BACKGROUND

### Nova's Business and Exclusive Copyright Ownership Rights

10.    Nova is a content creation management company providing specialized content creator management services which focus on engaging, brand-aligned video, photo, and design content creation.  Nova also provides full-service social media management, including strategy, posting, and high-converting advertising across several digital platforms such as Meta, TikTok, YouTube, and OnlyFans to increase engagement and drive sales.

11.    Content creators (also referred to as "models") engage Nova's services for the management, promotion, and distribution of their content on digital platforms.

12.    Defendant officially engaged Nova's content creation management services upon execution of the Copyright Agreement on July 29, 2025 (see Exhibit A).

13.     By executing the Copyright Agreement, Defendant irrevocably assigned to Nova, its successors, and assigns, for the lifetime of the copyright, "all right, title, and interest in and to all content created, produced, or provided by the Model under this Agreement, including but not limited to photographs, videos, and any other forms of media or content (collectively, 'Content')."  (Exhibit A, p. 1).

14.     According to the explicit text of the Copyright Agreement, Defendant assigned to Nova "all copyrights, trademarks, patents, and other intellectual property rights associated with the Content, worldwide" (hereinafter, "the Asserted Copyrights").  (Exhibit A, p. 1).

15.     The Copyright Agreement further explicitly provides for Nova's "exclusive right to use, reproduce, modify, display, distribute, publish, and create derivative works from the Content," while precluding Defendant's use, display, distribution, or exploitation of the Content without first obtaining written consent by Nova.  (Exhibit A, pp. 1, 5).

16.     Pursuant to the Copyright Agreement, Nova maintains exclusive ownership rights with respect to the Asserted Copyrights.  At no time has Nova ever relinquished any intellectual property rights, including the Asserted Copyrights, arising under the Copyright Agreement entered into with Defendant on July 29, 2025.

17.     All of Defendant's photographs, videos, or other forms of media content generated pursuant to the Copyright Agreement and published on the OnlyFans platform, have at all times, and continue to be, exclusively owned by Nova.

### Defendant's Infringing Conduct and DMCA Content Protection

18.     Pursuant to the terms of the Copyright Agreement and Defendant's professional content creator relationship with Nova, Defendant operates several accounts on the OnlyFans platform which are accessible at the following links: https://onlyfans.com/santos_isabella;

4

https://onlyfans.com/isabella_official; and https://onlyfans.com/itsisabellasantos (hereinafter, "Defendant's OnlyFans accounts").

19. Upon information and belief, as early as February 26, 2026, Defendant began distributing photographs, videos, and other forms of media and content generated pursuant to the Copyright Agreement and published on Defendant's OnlyFans accounts to third parties in express violation of the Copyright Agreement.

20. On February 26, 2026, Nova first identified Defendant's infringing use of the Works, specifically the unauthorized distribution of media and other content published on Defendant's OnlyFans accounts to third parties. Copies of exemplary photographs which constitute the Works published on Defendant's OnlyFans accounts and distributed in violation of the Copyright Agreement are attached hereto as Exhibit B.

21. On February 27, 2026, Nova submitted a Digital Millenium Copyright Act ("DMCA") takedown notice on onlyfans.com, alleging Defendant's infringement of the Asserted Copyrights by the Works and requesting removal of the infringing content of the Works from the OnlyFans platform. A copy of Nova's DMCA takedown notice is attached hereto as Exhibit C.

22. Upon information and belief, pursuant to OnlyFans' DMCA Takedown Policy (accessible at https://onlyfans.com/dmca), OnlyFans reviewed Nova's DMCA takedown notice alleging infringement of the Asserted Copyrights and subsequently deactivated all relevant OnlyFans accounts operated by Defendant.

23. On March 1, 2026, Defendant submitted a DMCA counter-notification to onlyfans.com, asserting that the Works were removed or disabled from Defendant's OnlyFans accounts by mistake or misidentification, and further claiming to be "the original creator of the

content and the individual depicted in all of the material in question." A copy of Defendant's

DMCA counter-notification is attached hereto as Exhibit D.

## COUNT I – COPYRIGHT INFRINGEMENT

24. Nova hereby repeats and incorporates the allegations contained in Paragraphs 1 through 23 as fully set forth herein.

25. Nova owns all right, title, and interest in and to all Works created by Defendant, including the photographs, videos, and any other forms of media or content generated pursuant to the Copyright Agreement and published on Defendant's OnlyFans accounts.

26. Hence, by virtue of the assignment executed by Defendant to Nova on July 29, 2025 under the Copyright Agreement, Nova is the exclusive owner of the Asserted Copyrights.

27. Nova is authorized to assert its exclusive ownership rights in the Asserted Copyrights and bring this civil copyright infringement suit against Defendant in the United States pursuant to 17 U.S.C. § 411(a) and by virtue of The Berne Convention, although Nova has not obtained a registration from the U.S. Copyright Office for the Asserted Copyrights.

28. Defendant distributed photographs, videos, and other forms of media and content generated pursuant to the Copyright Agreement and published the Works on Defendant's OnlyFans accounts to third parties without first obtaining Nova's explicit written permission.

29. By these actions, Defendant infringed and violated Nova's exclusive rights in the Asserted Copyrights in violation of the U.S. Copyright Act (17 U.S.C. § 501).

30. Defendant's unauthorized distribution of the Works, which are covered by the Asserted Copyrights, to third parties in violation of the Copyright Agreement was willful, as Defendant acted with actual knowledge or with reckless disregard as to whether her conduct infringed upon Nova's exclusive rights in the Asserted Copyrights.

6

31.    By virtue of the Copyright Agreement and Defendant's professional content creator relationship with Nova, Defendant knew or should have known of the infringing activity and, therefore, willfully and deliberately infringed the Asserted Copyrights.

32.    Defendant's acts, which constitute infringement of Nova's exclusive rights arising under 17 U.S.C. § 106, violate 17 U.S.C. § 501 as a result of Defendant's use and distribution of the Works without first obtaining Nova's explicit written permission.

33.    Nova has been damaged as a direct and proximate result of Defendant's copyright infringement.

34.    Nova is entitled to recover its actual damages resulting from Defendant's unauthorized use and distribution of the Works, which are covered by the Asserted Copyrights. Pursuant to 17 U.S.C. § 504, Nova is further entitled to damages based on a disgorgement of Defendant's profits from infringement of the Asserted Copyrights, which amounts shall be proven at trial.

35.    By reason of Defendant's acts alleged herein, Nova has and will continue to suffer damage to its business, reputation, and customer goodwill, including loss of sales and revenue related to the Asserted Copyrights resulting from Defendant's infringing conduct.

36.    Defendant's conduct has caused and will continue to cause irreparable injury to Nova unless Defendant is enjoined by the Court.  Nova has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Nova is entitled to a permanent injunction prohibiting Defendant from infringing Nova's exclusive rights in the Asserted Copyrights.

37.    Nova will continue to suffer irreparable harm unless Defendant is enjoined from such activity, as monetary damages alone are insufficient to compensate for loss of control of Nova's exclusive rights in the Asserted Copyrights.

## DEMAND FOR JURY TRIAL

Plaintiff Nova Marketing LLC hereby respectfully requests a trial by jury in this action for all issues so triable.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff Nova Marketing LLC respectfully prays for the following relief against Defendant Geovanna Vitória Chaves De Oliveira:

(a)     Entry of judgment in favor of Nova and against Defendant on all causes of action alleged in the Complaint, including Defendant's willful infringement of the Asserted Copyrights;

(b)     An order permanently enjoining and restraining Defendant, and all those in active concert and participation with Defendant, from reproducing, modifying, displaying, distributing, publishing, creating, selling, and otherwise using unauthorized copies or derivative works of the Works;

(c)     An award of actual damages and profits, including damages resulting from Defendant's willful infringement of the Asserted Copyrights; and

(d)     Any other and further relief that the Court deems just and proper.

Dated:  _March 20, 2026_____

/s/ Dennis J. Butler_____
John D. Simmons (#5996)
Dennis J. Butler (#5981)
PANITCH SCHWARZE BELISARIO & NADEL LLP
Delaware Corporate Center
1 Righter Parkway, Suite 220
Wilmington, DE 19803
Tel: (302) 394-6001
Fax: (215) 965-1331

jsimmons@panitchlaw.com
dbutler@panitchlaw.com

Julianna L. Hunt (*pro hac vice to be filed*)
PANITCH SCHWARZE BELISARIO & NADEL LLP
Two Commerce Square
2001 Market Street, Suite 2800
Philadelphia, PA 19103
Tel: (215) 965-1330
Fax: (215) 965-1331
jhunt@panitchlaw.com

*Attorneys for Plaintiff Nova Marketing LLC*